UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANYA BARR, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:08-cv-1153 (VLB) |
| : | |
| GERALD CAPPIELLO, et al., : | |
|     Defendants. : | |

**ORDER DENYING MOTION TO DISMISS [Doc. #15]**

The plaintiff Tanya Barr commenced this action while incarcerated at York Correctional Institution in Niantic, Connecticut.  Defendants, state judicial marshals, move to dismiss all federal claim on the ground that they were not acting under color of state law and ask the court to decline to exercise supplemental jurisdiction over any state law claims.  For the reasons that follow, the motion to dismiss should be DENIED.

**I.  Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).  In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the

district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

II.     <u>Facts</u>

Plaintiff alleges that she was confined in a holding cell at the New Haven Courthouse on August 16, 2005.  When she informed the defendants that the toilet in the cell had overflowed, they handcuffed her, grabbed her by the hair, banged her head against the wall, twisted her arms and punched her in the back and neck.  Plaintiff further alleges that the defendants did not obtain medical care for her injuries and filed false charges against her.

III.    <u>Discussion</u>

Defendants move to dismiss all federal claims on the ground that they were not acting under color of state law.  They rely on the complaint where plaintiff checked "No" in response to the questions "was this defendant acting under color of state law?"  <u>See</u> Defs' Mem. Ex. A & B.

The court must assume the truth of the factual allegations.  Plaintiff clearly alleges that the defendants are state judicial marshals.  Thus, they necessarily act under color of state law while performing their jobs, regardless whether the alleged actions comply with or violate state law. <u>See</u> <u>Monroe v. Pape</u>, 365 U.S. 167, 172 (1961) (holding that liability under section 1983 attaches only to those wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it"), <u>overruled in part on other grounds by</u> <u>Monell v. Department of Soc. Svcs,</u> 436 U.S.

685 (1978).

Defendants rely on the statements that the defendants did not act under color of state law. While plaintiff is asked to answer this question, the response is a legal conclusion. See, e.g., Daniels v. Super. Ct. of Cal., County of Kern, No. 08-cv-0208 LIO TAG, 2008 WL 638509, at *4 (E.D. Cal. Mar. 5, 2008) (characterizing statement that defendants were acting under color of state law as a legal conclusion); Chapman v. Acme Markets, Inc., No. CIV.A. 97-6642, 1998 WL 196400, at *3 (E.D. Pa. Apr. 23, 1998) (allegation that defendants were acting under color of state law is a legal conclusion or bald assertion). Such legal conclusions cannot be relied upon to support a motion to dismiss. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal citation omitted); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (noting that "court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss) (internal citations omitted).

The Second Circuit Court of Appeals has held that, when dealing with pro se litigants, "dismissal is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant.") In light of a pro se litigant's presumed unfamiliarity with legal principles this Court believes it would be an abuse of

discretion to dismiss this case where the factual allegations of the complaint clearly establish a claim of action under color of state law and therefore it is apparent that the pro se litigant did not understand the legal argot.

Defendants rely only on a conclusory allegation to support their motion to dismiss.  As this is insufficient, the motion to dismiss all federal claims is denied. Because the case will proceed as to the federal claims, the court denies defendants' request that the court decline to exercise supplemental jurisdiction over any state law claims.

IV.     Conclusion

Defendants' Motion to Dismiss [Doc. #15] is DENIED.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut this 19th day of March 2009.